**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROY R. WOODS, | ) | CASE NO.  1:10-cv-1714 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

This case is before the Magistrate Judge by the consent of the parties.  (Doc.

No. 17.)  Before the Court is Plaintiff, Roy R. Woods' ("Plaintiff"), motion for attorney's

fees in the amount of $2,441.34, and expenses in the amount of $29.50, pursuant to

the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (Doc. No. 24.)

Defendant, Michael J. Astrue, the Commissioner of Social Security ("the

Commissioner") opposes.  (Doc. No. 25.)  Plaintiff also seeks additional attorney's fees

in the amount of $2,531.09 pursuant to EAJA for services rendered in replying to the

Commissioner's opposition.  (Doc. No. 27.)  The Commissioner has not opposed

Plaintiff's supplemental application for EAJA fees.  For the reasons set forth below,

Plaintiff's motion for attorney's fees and expenses, totaling $2,470.84, is GRANTED in part and DENIED in part; Plaintiff's supplemental request for an additional $2,531.09 in attorney's fees is GRANTED in part and DENIED in part; and Plaintiff is awarded a total of $4,966.03 pursuant to EAJA.

**I.**

On August 5, 2010, Plaintiff filed his complaint to challenge the Commissioner's final decision denying his applications for Social Security disability benefits.  (Doc. No. 1.)  Plaintiff asserted two assignments of error relating to the ALJ's analysis of Plaintiff's treating psychologists' opinions:  (1) the ALJ failed address the opinions of Dr. Jay D. Haar, M.D.; and (2) the ALJ failed to give good reasons for giving the opinions of Dr. Nicomedes M. Sansait, M.D., less than controlling weight.[1]  On September 23, 2011, the Court found that Plaintiff's first assignment of error was harmless and, therefore, not a basis for remand; however, the Court agreed with Plaintiff's second assignment of error and found that it warranted remand.

Dr. Sansait opined, in part, that Plaintiff had marked limitations in his abilities to withstand the stresses and pressures of routine, simple, unskilled work, keep a regular work schedule, and maintain punctual attendance; and that Plaintiff's limitations could be expected to last for at least twelve months.  (Tr. 220.)  The ALJ gave Dr. Sansait's opinion's little weight because he found them self-contradictory:

---

[1] Plaintiff asserted a third assignment of error in his Brief on the Merits:  that the ALJ omitted part of a state agency reviewing physician's limitations in his residual functional capacity ("RFC") determination.  (Pl.'s Br. 11-12.)  However, Plaintiff conceded in his Reply Brief that this alleged error was harmless.  (Pl.'s Reply 3.)  Accordingly, the Court did not address this assignment of error.

> [A]s far as Dr. Sansait's "Mental Residual Functional Capacity" dated
> September 6, 2007, in concerned, I find that it is self-contradictory.  First of
> all it reports that the claimant is perfectly capable of concentrating for two
> hours at a time, remembering, understanding, and following simple
> directions; as well as performing work activities at a reasonable pace.  Yet
> despite this, the report indicates that the claimant could not withstand the
> stresses and pressures of simple unskilled work.  Moreover, Dr. Sansait, a
> psychiatric physician, assessed the claimant with a Global Function Score
> of 58, which he noted was appropriate for the claimant [and] hardly of a
> severity that would preclude even unskilled simple work.  Finally, this doctor
> appears to have not seen the claimant on more than four occasions, finding
> him never to be out of control, deluded or suffering from a psychosis at all,
> and with full capacity to make his own judgments.

(Tr. 19) (internal citations omitted).

The Court found that the ALJ's first reason for giving Dr. Sansait's opinions little

weight was inadequate because it amounted to a *non sequitur*—that is, Plaintiff's

abilities to concentrate, remember, understand, follow simple instructions, and perform

work activities at a reasonable pace were not necessarily inconsistent with Plaintiff's

inability to cope with the stress of such work.[2]  The Court further found that the ALJ's

---

[2]  The Court explained as follows:

> Plaintiff contends that the abilities to concentrate for two hours at a
> time, remember, understand, follow simple directions, and perform
> work activities at a reasonable pace are not inconsistent with an
> inability to withstand the stresses and pressures of simple unskilled
> work. The Court agrees. The Social Security Regulations recognize
> that "[b]ecause response to the demands of work is highly
> individualized, the skill level of a position is not necessarily related to
> the difficulty an individual will have in meeting the demands of the
> job." S.S.R. 85-15, 1985 WL 56857, at *6 (1985)).  In other words, it
> does not necessarily follow that if Plaintiff is able to concentrate,
> remember, understand, follow simple instructions, and perform work
> activities at a reasonable pace, then Plaintiff must be able to cope
> with the stress of such work. Other factors could cause stress;
> indeed, Dr. Sansait opined that Plaintiff suffered marked limitations in
> his abilities to keep a regular work schedule and maintain
> punctual attendance.

3

other reasons were not sufficiently clear to permit meaningful review.  Accordingly, the

Court reversed the Commissioner's final decision and remanded the case for further

proceedings for the ALJ to clarify his assessment of Dr. Sansait's opinions.

On December 22, 2011, Plaintiff filed his motion for EAJA fees and expenses.

(Doc. No. 24.)  Plaintiff seeks $2,441.34 in fees, which represents the value of 13.6

hours of services rendered by Plaintiff's attorneys, Mr. Kirk B. Roose, Mr. John H.

Ressler, and Ms. Mary T. Meadows at a rate of $179.51 per hour.[3]  Plaintiff also seeks

$29.50 in expenses.  Plaintiff attached a fee agreement to his motion indicating that, on

June 22, 2007, he "consent[ed] to have all EAJA fees paid to [his] attorneys."  (Fee &

Expense Agreement, Doc. No. 24-6.)  Accordingly, Plaintiff requests that any EAJA fee

award be made payable to his attorneys in this matter.

On January 5, 2012, the Commissioner filed his response in opposition to

Plaintiff's EAJA application.  (Doc. No. 25.)  The Commissioner contends that Plaintiff is

not entitled to an EAJA award because the Commissioner's position in this case was

substantially justified.  The Commissioner also contends that the amount of fees

Plaintiff requests is unreasonable, and that any EAJA award should be made payable

to Plaintiff and not his counsel.  The Commissioner does not take issue with Plaintiff's

request for expenses.

On January 30, 2012, Plaintiff filed a reply to the Commissioner's response,

_____

(Mem. Op. & Order 09/23/11, at 15-16.)

[3]  Mr. Roose rendered 4.2 hours of service on this case; Mr. Ressler rendered .5
hours of service on this case; and Ms. Meadows rendered 8.9 hours of service
on this case.  (Doc. No. 24-1.)

4

wherein Plaintiff requested an additional $2,531.09 in fees incurred from 13.9 hours of services rendered in preparing the reply at a rate of $179.51 per hour.[4]  The Commissioner did not respond to Plaintiff's supplemental request for EAJA fees.

## II.

### A.    Whether an EAJA Award is Warranted

EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified.  _Howard v. Barnhart_, 376 F.3d 551, 553 (6th Cir. 2004).[5]  A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand.  _Shalala v. Schaefer_, 509 U.S. 292, 302 (1993); _Olive v. Comm'r of Soc. Sec._, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (Katz, J.).  Here, Plaintiff is the "prevailing party" because the Court entered Judgment in his favor and remanded the case.  The issue here is whether the Commissioner's position

---

[4]  Plaintiff explains that 7.3 hours of services were rendered on January 29, 2012, and 6.6 hours of services were rendered on January 30, 2012.  (Pl.s' Reply 18.)

[5]  EAJA provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C . § 2412(d)(1)(A).

was substantially justified.

The phrase "position of the United States" refers to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 n.7 (1990). That is, "[b]oth the underlying agency decision denying disability, and the agency's position in court, must be substantially justified." *Holbrook v. Comm'r of Soc. Sec.*, No. 3:10-cv-1927, 2011 WL 6337792, at *1 (N.D. Ohio Dec. 19, 2011) (Zouhary, J.) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994)). The Commissioner bears the burden of establishing that his position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir.1999). In other words, a "[p]laintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust." *Olive*, 534 F. Supp. 2d at 758.

A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The mere fact that the Commissioner lost the case does not necessarily mean that his position was "not substantially justified." *See id.* (citing *Pierce*, 487 U.S. at 569). The pertinent inquiry is whether the Commissioner's position had a reasonable basis both in law and fact. *See id.* (citing *Pierce*, 487 U.S. at 565).

The Commissioner argues that his position was substantially justified because

6

the ALJ's failure to give good reasons for giving Dr. Sansait's opinions little weight merely was a single "articulation error" surrounded by an otherwise thorough and adequate analysis of Plaintiff's disability claims.  Plaintiff contends, however, that regardless of the adequacy of the rest of the ALJ's decision, the ALJ's assessment of Dr. Sansait's opinions was unreasonable because it was based on a *non sequitur* in violation of Social Security Ruling 85-15.[6]  For the following reasons, the Commissioner has failed to show that its position was substantially justified.

Social Security Ruling 85-15 explains that "[b]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job."  S.S.R. 85-15, 1985 WL 56857, at *6 (1985).  In other words, the fact that a claimant possesses the skill to perform work does not necessarily mean that the claimant is able to cope with the stress of such work, as they are separate and distinct issues.  *See id.*  The ALJ rejected Dr. Sansait's opinions based on an invalid conclusion to the contrary—that because Plaintiff possessed the skill to perform work, he should be able to cope with the stress of that work.  The ALJ did not merely fail to articulate a good reason for giving Dr. Sansait's opinions little weight.  *See Fisk v. Astrue*, No. 3:05-cv-145, 2009 WL 161335, at *2 (S.D. Ohio Jan. 22, 2009) ("The Commissioner's effort to minimize the ALJ's error by calling it 'primarily one of articulation' does not assist him in showing

---

[6]  Although Plaintiff did not argue in his Brief on the Merits that the ALJ violated Social Security Ruling 85-15, he cited the Ruling to argue that the ALJ's reasons for giving Dr. Sansait's opinions little weight were inadequate.  Further, although the Court did not find that the ALJ violated the Ruling, it quoted the Ruling in support of its determination that the ALJ's reasons were inadequate.

7

substantial justification . . . because failing to comply with the articulation—or
'good-reason giving'—requirement set by the Regulations is no small matter.").  Rather,
he rejected a treating source's opinions based on inaccurate findings about the record
evidence in a manner contrary to the Social Security Regulations.

The Commissioner contends that other factors support the conclusion that his
position was substantially justified—namely, that the Court found Plaintiff's other
objections to the Commissioner's final decision lacked merit, and the Court remanded
for an ALJ to address unresolved factual issues rather than to award benefits.  Although
these contentions relate to the Commissioner's litigation position, the Commissioner
has failed to address how the ALJ's analysis of Dr. Sansait's opinions was reasonably
based in law and fact.  As the Commissioner has failed to show that its position was
substantially justified, or that an award of EAJA fees otherwise would be unjust, the
Court finds that Plaintiff is entitled an EAJA award.

**B.     The Reasonableness of Plaintiff's Requested Attorney's Fees**

EAJA provides that "attorney fees shall not be awarded in excess of $125 per
hour unless the court determines that an increase in the cost of living or a special
factor, such as the limited availability of qualified attorneys for the proceedings involved,
justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Plaintiff requests $2,441.34 in
attorney's fees, which represents the value of 13.6 hours of services rendered by Mr.
Roose, Mr. Ressler, and Ms. Meadows at a rate of $179.51 per hour.  Plaintiff explains
that the hourly rate applied in this case is based on a cost of living increase for the first
half of 2011, when most of the services in this case were rendered, pursuant to the
Bureau of Labor and Statistics' national consumer price index ("CPI").  Plaintiff's

8

counsel calculated their hourly rate by dividing the "U.S. city average" CPI for "All items" during the first half of 2011 (223.598, not seasonally adjusted) by the "U.S. city average" CPI for "All items" in March 1996 (155.7), and multiplying the result by the general fee cap imposed by EAJA ($125.00).[7]

The Commissioner does not challenge the number of hours of services rendered in this case, or the value of expenses that Plaintiff seeks.  Rather, the Commissioner contends only that any cost of living increase for attorney's fees should be based on the Bureau of Labor and Statistics' "Midwest urban" CPI rather than the "U.S. city average" CPI; and that, if any EAJA fee award is granted, it should be for $171.38 per hour for a total award of $2,330.77.[8]  The Commissioner cites *Adkins v. Astrue*, No. 1:07-cv-723, 2011 WL 2020639 (S.D. Ohio Feb. 18, 2011) in support of his argument that the regional CPI should be applied; but the court in *Adkins* did not hold that the regional CPI was more appropriate than the national CPI.[9]  *See Adkins*, 2011 WL 2020639, at *5.

There is a split among courts regarding which CPI is most appropriate for

---

[7]  The Bureau of Labor and Statistics' CPI calculator may be found online at http:// www.bls.gov/data/#prices (last visited Feb. 10, 2012).

[8]  The Commissioner's calculation appears flawed, as he divided the "Midwest urban" CPI in the first half of 2011 (213.47) by the "U.S. city average" CPI in March 1996 (155.7).  *See Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1082 (S.D. Cal. 2005) ("The Court finds it improper to switch from a national CPI-U to a local/regional CPI-U within the same calculation.  Failure to match the baseline CPI-U with the present CPI-U source will render the formula's computation of the pro rata increase in the cost-of-living hopelessly inaccurate.").

[9]  Further, the Commissioner argued in *Adkins* that the national CPI was more appropriate than the regional CPI.  *Adkins*, 2011 WL 2020639, at *4 n.4.

determining a cost of living increase under EAJA.  *See Jawad*, 370 F. Supp. 2d at 1083-85 (collecting cases).  But EAJA "does not necessarily require that attorneys' fees awards track the cost-of-living index for the geographical area," and "[a]lthough this indicator is certainly significant, it may not be conclusive," because "such a decision is within the discretion of the district court."  *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir.1988).  Indeed, this Court and others have accepted the average national urban CPI as the basis for a cost of living increase.  *See, e.g.*, *Lopez v. Comm'r of Soc. Sec.*, No. 3:08-cv-2148, 2010 WL 1957422, at *3 (N.D. Ohio May 14, 2010) (explaining the method for calculating a cost of living increase based on the national CPI); *Seidlitz v. Comm'r of Soc. Sec.*, No. 1:07-cv-2471, 2008 WL 2796585, at *1 (N.D. Ohio July 18, 2008) (finding a cost of living increase based on the national CPI justified); *Jawad*, 370 F. Supp. 2d at 1085 (holding that "the national CPI-U is the more appropriate source to uniformly apply and must be used over the local/regional indexes in the formula," in part because "it is consistent with the plain language of 28 U.S.C. § 2412(d)(2)(A) itself.").

However, the Court need not decide at this time which of the two indices is the proper measure of a cost of living increase under EAJA because, under the circumstances of this case, the Court finds that Plaintiff's requested attorney's fees are reasonable and appropriate.[10]  *See Taylor v. Astrue*, No. 3:09-cv-1791, 2011 WL 1752239, at *3 (D. Conn. May 9, 2011) (declining to hold which CPI was the proper measure of a cost of living increase because the requested fee award was reasonable);

---

[10]  The difference between the total amount of attorney's fees Plaintiff seeks in his motion and the total amount the Commissioner contends is more appropriate is $110.57.

*Garcia v. Comm'r of Soc. Sec.*, No. 4:10-cv-56, 2011 WL 2110297, at *2 (N.D. Ohio May 25, 2011) (finding that 15.55 hours of services rendered was reasonable in part because, in the court's experience, such work often involves between 20 and 25 hours of services rendered).

Plaintiff also seeks compensation for 13.9 hours of services rendered in replying to the Commissioner's brief in opposition to his motion for EAJA fees and expenses, at a rate of $179.51 per hour.  Although Plaintiff states that "[t]he supplemental award request is $2,531.09" (Pl.'s Br. 18), the actual value of services rendered at the requested hourly rate is $2,495.19.[11]  The value of services rendered in defending the propriety of an EAJA award may be compensable under EAJA.  *See Spurlock v. Sullivan*, 790 F. Supp. 979, 982 (N.D. Cal. 1992) (citing *I.N.S. v. Jean*, 496 U.S. 154 (1990)) ("[A]n award of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award.")  The Commissioner has not objected to the number of hours that Plaintiff's counsel devoted to Plaintiff's reply brief, and the Court finds that the total hours of services rendered and hourly rate in this case remain reasonable.  Accordingly, Plaintiff is awarded a total of $4,966.03—that is, the value of expenses and services rendered as set forth in Plaintiff's initial EAJA application, plus the value of services rendered in replying to the Commissioner's opposition at the same rate—to fully satisfy all of Plaintiff's claims for fees, costs, and expenses under EAJA in

---

[11]  This value comports with Plaintiff's total requested EAJA award of $4,966.03.  (*See* Pl.'s Reply 18.)

11

this case.

### C.    To Whom the EAJA Award Should be Made Payable

Plaintiff entered into an agreement with his attorneys to have any EAJA award made payable to his attorneys.  (*See* Fee & Expense Agreement, Doc. No. 24-6.) Accordingly, Plaintiff now requests that any EAJA award be made payable to his attorneys.  The Commissioner contends, however, that pursuant to *Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010)*, any EAJA award should be made payable to Plaintiff rather than Plaintiff's counsel because EAJA awards are subject to administrative offset to pay for any pre-existing debts owed to the government.  The Commissioner further cites *Steele-Lalocu v. Astrue*, No. 3:09-cv-383, 2011 WL 1743457, at *1-2 (S.D. Ohio May 6, 2011), for the proposition that "an EAJA fee assignment . . . is of no consequence."  (Def.'s Response 7.)  But the Commissioner does not explain how that case supports his position that an assignment is of no consequence; accordingly, this contention is not well taken.  *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir.2006) ("It is well-established that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir.1997)).

The mere fact that an EAJA award is subject to administrative offset does not persuade the Court that the EAJA award may not be assigned to counsel if there is either no pre-existing debt subject to offset, or the debt is less than the amount of the EAJA fee award.  Accordingly, counsel first shall determine whether Plaintiff owes a

pre-existing debt subject to offset; if there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel per the assignment in the record.

### III.

For the foregoing reasons, Plaintiff's motion for attorney's fees and expenses pursuant to EAJA is GRANTED in part and DENIED in part; Plaintiff's supplemental request for attorney's fees pursuant to EAJA is GRANTED in part and DENIED in part; and Plaintiff is awarded a total of $4,966.03 to fully satisfy all of Plaintiff's claims for fees, costs, and expenses under EAJA in this case.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date:  February 17, 2012