IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROY R. WOODS, | ) CASE NO:   1:10-CV-1714 |
| ) | |
| Plaintiff, | ) MAGISTRATE JUDGE |
| ) VECCHIARELLI | |
| v. | ) |
| ) | |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) **MEMORANDUM OPINION AND** |
| ) **ORDER** | |
| Defendant. | |

Kirk B. Roose, ("Counsel") counsel for Plaintiff, Roy R. Woods ("Plaintiff"), petitions this Court for approval of attorney's fees pursuant to 42 U.S.C. 406(b)(1) ("§ 406(b)(1)") in the total amount of $19,100.62.  (Doc. No. 29.)  Defendant, the Commissioner of Social Security ("Commissioner"), does not oppose Counsel's request for fees, but argues that Counsel's fees should be reduced to avoid a windfall.  (Doc. No. 31.)  For the reasons set forth below, the motion is GRANTED in part and DENIED in part.  Counsel shall be paid $12,635.00 in attorney's fees in this matter.  Counsel shall refund $4,936.53 – the amount previously awarded under the EAJA in this case – to Plaintiff.

### I. INTRODUCTION AND BACKGROUND

Counsel's application for fees under § 406(b)(1) in this case presents a unique set of facts that compels this Court to conclude that Counsel's requested fee amount – $19,100.62 – represents a windfall in this case.  Although Counsel argues that the standard hourly rate for the services provided to Plaintiff is $300, the evidence he

provided in support of his earlier application for fees under the Equal Access to Justice Act ("EAJA") demonstrates that the majority of the substantive work on Plaintiff's case was performed by an attorney – not Counsel – whose hourly rate was $250.  Further, although Plaintiff's minor children received past due benefits as a result of Plaintiff's receipt of disability benefits, Counsel did not represent the children in any manner before this Court.  The past due payments to Plaintiff and his children were sizeable and, thus, the agency withheld a proportionally large amount of money for the payment of attorney's fees.  The size of the past due payments, however, was the result of the inordinate amount of time that Plaintiff's applications were pending, and Counsel did not begin to represent Plaintiff until nearly three years after Plaintiff first applied for benefits.  Finally, more than half of the attorney hours expended on this case were devoted to the preparation of Counsel's reply in support of his application for EAJA fees.  This work provided little benefit to Plaintiff, but greatly benefitted Counsel, who continues to use the information generated during those hours to support his EAJA applications in other cases.  In sum, although Counsel successfully represented Plaintiff before this Court, he did so by expending minimal effort, particularly in light of the proportion of attorney hours actually expended on the substance of the case, i.e. 13.6 out of 27.5 total hours.  Accordingly, Counsel's request for fees under § 406(b)(1) is hereby reduced as discussed herein.

**A.     Prior Proceedings**

    **1.     Applications and Agency Proceedings**

On July 26, 2004, Plaintiff filed applications for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of July 14, 2004. (Transcript ("Tr.") 14.) The applications were denied initially and upon reconsideration, and Plaintiff, *pro se*, requested a hearing before an administrative law judge ("ALJ"). (*Id*.) In June 2007, Plaintiff retained Counsel to represent him. (Tr. 59.) On December 5, 2007, an ALJ conducted a hearing. (Tr. 14, 254.) On March 10, 2008, the ALJ found Plaintiff not disabled. (Tr. 22.) On June 7, 2010, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision in this case.

### 2. Prior Proceedings in this Court

On August 5, 2010, Plaintiff, through Counsel, filed a timely complaint to challenge the Commissioner's final decision. (Doc. No. 1.) In January 2011, after obtaining an extension of time on the basis that the Commissioner had filed an incomplete administrative transcript, Plaintiff filed his brief on the merits. (Doc. No. 18.) Thereafter, the Commissioner filed her brief on the merits, and Plaintiff filed a reply brief. (Doc. Nos. 20, 21.) In September 2011, this Court reversed the Commissioner's final decision and remanded the case to the ALJ for further proceedings. (Doc. No. 22.)

In December 2011, Counsel filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,470.84. (Doc. No. 24.) In that motion, Counsel indicated that attorneys in his office had expended 13.6 hours representing Plaintiff before this Court. (Doc. No. 24-5.) The record reflects that the standard hourly rate for two of the attorneys – Ressler and Meadows – was $250, while Counsel's standard hourly rate was $300. (Doc. Nos. 24-1, 24-5, 29 at 18.) Thereafter, in an unopposed response to the Commissioner's objection to this EAJA fee

3

application, Counsel filed a reply in support of the application, which included a supplemental request for EAJA fees. (Doc. No. 27.) In that request, Counsel indicated that he had expended 13.9 hours researching and preparing his reply, and requested an additional $2,531.09 in EAJA fees. (Doc. No. 27 at 18.) In February 2012, this Court granted the motion in part and denied it in part, awarding Counsel $4,936.53 in attorney's fees and $29.50 in expenses.[1] (Doc. No. 28.)

### 3. Agency Proceedings on Remand

On September 27, 2012, an ALJ determined that Plaintiff was disabled as of July 2004. (Doc. No. 29 at Ex. 1.) Thereafter, Plaintiff received notices from the agency reflecting that he and his minor children were entitled to various past due benefits totaling $203,282.96, and stating that the agency had withheld $38,201.25 from the past due payment amounts for attorney's fees. (Doc. Nos. 29-2 through 29-6.) The various amounts are as follows:

| Source | Amount of Past Due Award | Amount Withheld for Fees |
|---|---|---|
| DIB to Plaintiff | $101,906.00 | $25,476.50 |
| Child's Benefits - Crystal[2] | $3,320.00 | $583.25 |

---

[1] The Court denied the EAJA fees motion only to the extent that, due to a mathematical error, there was a $35.90 difference between the amount requested by Counsel and the result of multiplying his proposed hourly rate by the number of hours he expended in preparing a reply brief in support of his motion for EAJA fees. (Doc. No. 28 at 11.)

[2] In his motion for § 406(b)(1) fees, Counsel incorrectly states that Crystal's total past due child benefits payment was $2,736.75. (Doc. No. 29 at 5.) This figure is actually the amount Crystal received as a back payment after deducting the amount withheld for attorney's fees.

| Source | Amount of Past Due Award | Amount Withheld for Fees |
|---|---:|---:|
| Child's Benefits - Brandon | $25,270.00 | $6,070.75 |
| Child's Benefits - Brandy | $25,270.00 | $6,070.75 |
| SSI to Plaintiff | $47,516.96 | $0.0 |
| **Totals:** | **$203,282.96** | **$38,201.25** |

The record reflects that, because of offsets between DIB and SSI, Plaintiff and his children actually received approximately $152,805.00.  (Doc. No. 29-8.)  The amount withheld by the agency for attorney's fees – $38,201.25 – corresponds to 25% of this figure.[3]  In October 2013, Counsel received a letter from the agency stating that it had paid Counsel attorney's fees for services before the administration in the amount of $10,000.00 under Section 206(A) of the Act, and that $28,201.25 remained for attorney's fees for services before the district court.[4]  (Doc. No. 29-7.)

**B.     Motion for Fees Pursuant to 42 U.S.C. § 406(b)(1)**

Thereafter, Counsel filed his motion for fees under § 406(b)(1).  (Doc. No. 29.) He requests that this Court approve attorney's fees in the amount of $19,100.62 (*Id*. at 1.)  In addition to the agency notices discussed above, to support his fee request,

---

[3] Counsel did not represent Plaintiff's minor children before this Court (as discussed on pages 11-12, *infra*).  The Court observes that 25% of the award for the sole benefit of Plaintiff was $25,476.50.  If the agency paid Counsel $10,000 of that amount for the administrative proceedings, this would leave $15,476.50 for work performed before this Court, which is less than the amount of fees requested by Counsel.

[4] Section 206(A) of the Act, 42 U.S.C. § 406(a), requires the Commissioner to compensate attorneys who successfully represent Social Security claimants in proceedings before the Commissioner.  The section at issue in this matter, 42 U.S.C. § 406(b)(1), permits a court to determine and allow attorney's fees for representation before the court.

5

Counsel submitted an affidavit from Plaintiff, who avers, *inter alias*, that: (1) he applied for benefits in 2004 and had trouble finding an attorney who would represent him; (2) in 2007, he signed a written fee agreement with Counsel, under which Counsel's fee would be "25 percent of any back benefits for [Plaintiff] and [his] family members, but no more than $5,300.00 unless the case had to go to court"; (3) he is satisfied with Counsel's representation and feels that the fee agreement is fair; 43) he understands that, in addition to the $10,000 already paid to Counsel for services before the agency, Counsel is requesting $19,100.62 for services before the Court; and (5) he understands that, once Counsel receives his fee payment pursuant to § 406(b)(1), Counsel will return $4,936.53 – the amount paid to Counsel under the EAJA – to Plaintiff. (Doc. No. 29-8.)

In the § 406(b)(1) motion, Counsel refers to the time sheets that accompanied his EAJA fees motion (doc. no. 24-1), and his supplemental request for EAJA fees for the time spent preparing his reply in support (doc. no. 27 at 18), which, together, reflect that Counsel spent a total of 27.5 hours on this case. Counsel indicates that 13.9 of the 27.5 hours were expended on Counsel's reply in support of his EAJA fees application. (Doc. No. 27 at 18.) Dividing the total amount of attorney's fees requested by Counsel – $19,100.62 – by the number of hours expended on the case – 27.5 – results in an hourly rate of $694.57.

The Commissioner opposes Counsel's request for fees, contending primarily that the hourly rate that results from Counsel's request – $694.57 – is excessive and that Counsel has not demonstrated why such a rate is appropriate in this case. (Doc. No. 31.)

## II. LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

See also *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). A court may award attorney's fees only for work performed before it. *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A twenty-five percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id.* In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082, 1084 (6th Cir. 1987). Finally, it is well established that, where a claimant has been awarded fees under the EAJA, and where counsel is awarded fees under § 406(b)(1), counsel must refund the amount of the smaller fee to the claimant.

7

See *Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989); *see also Tharp v. Comm'r of Soc. Sec.*, No. 1:08-CV-542, 2011 WL 3438431, *21 (S.D. Ohio Aug. 5, 2011) ("In the situation of a dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

A.     **Whether Counsel's Fee Request is *Per Se* Reasonable**

The Commissioner argues that the hourly rate that results from Counsel's contingent fee request – $694.57 – is excessive and that Counsel has failed to establish that such a rate is appropriate in this case.  Contingent fees may translate into large hourly rates.  A large hourly rate in a particular case, however, is not necessarily grounds for finding the contingent fee to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).  A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the "standard rate" for such work in the relevant market.  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).  Where the resulting hourly rate exceeds two times the standard rate, a fee request may still be reasonable.  *Id*.  In determining whether it is, a court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee.  Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as

opposed to clerical or paralegal time and the degree of difficulty of the case." *Id*.

According to the Commissioner, Counsel's hourly rate of $694.57 is more than twice the standard rate for such work in the relevant market, which the Commissioner contends is $175, and, thus, Counsel's fee request is not *per se* reasonable.  In response, Counsel contends that the Commissioner is advocating a cap on hourly rates in § 406(b)(1) fee requests, which is specifically prohibited by relevant precedent. Further, he argues that  the hourly rate that results from his fee request is actually $515.09, the result of dividing $14,164.90 –  the amount of § 406(b)(1) attorney's fees after Counsel refunds the EAJA fees payment to Plaintiff – by 27.5.  Finally, according to Counsel, his normal hourly billing charge for non-contingent cases is $300, and because $516.09 is less than twice that hourly rate, the amount of his fee request is *per se* reasonable under *Hayes*.

Counsel's argument lacks merit.  His contention that this Court should determine the hourly rate that results from his § 406(b)(1) fee request by dividing the amount of the § 406(b)(1) fee that will remain *after* he returns the amount of his EAJA fee award to Plaintiff fails to account for the fact that, even after returning that amount, his total net fee received in this case will still be $19,100.62.  The refund of fees after receiving them is merely a "wash" and ultimately has no impact on the net fee received by counsel, as calculated below:[5]

---

[5]  Counsel does not dispute that he has already received $4,936.53 in fees in this case under the EAJA.  Although Counsel will pay $4,936.53 to Plaintiff after Counsel receives his § 406(b)(1) fee, Counsel is not returning the original $4,936.53 he has already received.  (*See* § 406(b)(1) Application at 7, Doc. No. 29 ("Once the agency pays the undersigned the $19,100.62 approved fee, the undersigned will pay to Woods $4,936.53 as a refund of the EAJA fee already awarded by this Court for the same

4,936.53 (EAJA Fee) + $19,100.62 (§ 406(b)(1) Fee Requested)
- $4,936.53 (to be refunded to Plaintiff) = $19,100.62

Accordingly, the hourly rate that results from Counsel's fee requests in this case is $694.57, the result of dividing $19,100.62 by 27.5 hours.

The parties contend that different amounts constitute the "standard rate" in this case.  The Commissioner cites to several decisions from this Court identifying $175 as the standard rate and, thus, determining that a fee request that translates into an hourly rate of $350 is *per se* reasonable.  Counsel offers some evidence that his standard hourly rate for non-contingent work is $300, and that the hourly rate of the other attorneys who worked on Plaintiff's case is $250.  Counsel provides the declaration of Dianne R. Newman ("Newman Decl."), who has practiced Social Security law in this District since 1982.  (Doc. No. 32-2 at ¶ 5.)  Newman states that Counsel's $300 hourly rate is "in line with the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience and reputation," and that "[a] rate of less than $200 per hour would be less than the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation."  (Newman Decl. at ¶¶ 12, 13.)

Based on the facts of this case, the evidence presented by Counsel, and the lack of objection to the relevant rates by the Commissioner or Plaintiff,  the Court accepts that the relevant standard hourly rate is $300 for Counsel and $250 for Attorneys

services.").)

Ressler and Meadows.[6]  Although this Court has determined in prior cases that lower amounts are the standard rate, *see, e.g.,* Brown v. Comm'r of Soc. Sec., No. 4:09-CV-2870, 2012 WL 6682112 (N.D. Ohio Dec. 21, 2012), in those cases, the attorneys had generally failed to offer any evidence establishing a standard rate.  Even if this Court gives Counsel the benefit of all of his assumptions, his contingent fee request translates into an hourly rate of $694.57, more than twice Counsel's standard hourly rate and 2.7 times the hourly rate of Attorney Ressler and Meadows.[7]  Thus, under *Hayes*, his § 406(b)(1) fee request is not *per se* reasonable, and this Court must consider other factors to determine a reasonable fee in this case.

**B.     What Constitutes A Reasonable Fee In This Case**

In *Hayes*, the Sixth Circuit observed that "factors [such as the proportion of attorney hours worked and the degree of difficulty of the case] should inform the district court's determination of whether the attorney would 'enjoy a windfall because of . . . minimal effort expended."  923 F.3d at 422 (quoting *Rodriquez*, 865 F.2d at 746).  In this case, the record establishes that, while ultimately successful in obtaining Plaintiff disability benefits, and without regard to the quality of Counsel's work, Counsel

---

[6] This Court's conclusion that the hourly rates suggested by Counsel are acceptable standard hourly rates for the purposes of determining whether the requested fee award is a windfall is limited to this case.  It is not intended as a conclusion that these rates are standard hourly rates in every case in which fees are requested.  The Court observes that most of the cases, when discussing a multiple, consider the EAJA rates, and not the prevailing rates.

[7] Further, if this Court subtracts the 13.9 hours Counsel expended in preparing his reply in support of his EAJA application – work that provided minimal benefit to Plaintiff and was expended in an effort to obtain approximately an additional $50 per hour for the 13.6 hours of substantive work – the resulting hourly rate is $1,404.46 – which is more than 4.6 times Counsel's purported standard hourly rate of $300.

expended relatively minimal effort in this Court to achieve that result.  Accordingly, a fee award of $19,100.62 would constitute a windfall in this case.

The Commissioner argues that this Court should consider the fact that a portion of the money withheld by the agency for attorney's fees came from Children's Benefits paid to Plaintiff's minor children, and that allowing Counsel to receive a fee based on those amounts constitutes a windfall.  In other cases, the Court has denied an attorney's request for fees that included a portion of Children's Benefits on the basis that the attorney's fee agreement did not cover services to the minor child in question.  *See, e.g.,* Thatch v. Comm'r of Soc. Sec., No. 1:09-CV-454, 2012 WL 2885432, *2 (N.D. Ohio July 13, 2012) (Adams, J.).  In this case, however, the June 2007 fee agreement between Plaintiff and Counsel specifically provides that Counsel is entitled to "twenty-five percent (25%) of the past-due benefits awarded to [Plaintiff] and [his] family."  (Doc. No. 24-6.)  Regardless, the purpose of § 406(b)(1) fees is to compensate attorneys for their representation before this Court.  *See* 42 U.S.C. § 406(b)(1).  The record reflects that Counsel did not represent Plaintiff's children before this Court, as Counsel's brief addressed only Plaintiff's proceedings and arguments.  Accordingly, this factor weighs in favor of reducing the fees awarded to Counsel.

The Commissioner also notes that the significant delay in awarding Plaintiff past-due benefits greatly contributed to the amount that Plaintiff ultimately received, increasing the total award of past-due benefits and, thus, increasing the amount withheld for fees in this case.  Counsel responds that such delay is not an appropriate factor in determining whether a fee request is reasonable.  He does not, however, point to any authority to support this contention, particularly in light of the fact that his fee

12

request translates into an hourly rate that exceeds twice his standard rate.  The record reflects that Plaintiff's disability applications had been pending for nearly three years before Counsel undertook representation of Plaintiff, and that his applications were pending for more than eight years before an ALJ determined that Plaintiff was disabled.[8]  Although Counsel did nothing to cause this delay, it stands to reason that Plaintiff "should not be punished by the delays of the administrative process" while Counsel is rewarded by the inordinate delay in this case.  *Thatch*, 2012 WL 2885432 at *6.

Further, this Court is troubled by the proportion of hours expended on the EAJA application in this case.  Of the 27.5 attorney hours expended by Counsel, 13.9 – more than half – were devoted to preparing Counsel's response to the Commissioner's opposition to Counsel's EAJA application.  In addition to having minimal benefit for Plaintiff (and being disproportionate to the time invested in the substance of the case), Counsel's work on the reply greatly benefits Counsel because he has used the information generated during those hours to support his EAJA applications in at least four other cases.  See *Killings v. Colvin*, No. 1:12-CV-479, 2013 WL 1455818, *9 (N.D. Ohio Apr. 9, 2012) (M.J. Vecchiarelli) (listing three cases in which Counsel has used the same affidavits and documentation to support his EAJA fee applications, and noting that he had used the information and affidavits in that case).

Finally, this Court is also troubled by the significant disparity between the amount

---

[8] Counsel did not represent Plaintiff for three of the eight years that his benefit applications were pending, i.e., 37.5% of the time for which Plaintiff was awarded benefits.

13

that Counsel would have charged for his work on the case using his allegedly relevant hourly rates and the amount that Counsel requests in his § 406(b)(1) application.  Had Plaintiff compensated Counsel on the basis of the relevant hourly rates for the work Counsel performed on the substance of Plaintiff's case – rather than on Counsel's EAJA application – the fee would have been as follows:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Counsel (Roose) | $300.00 | 4.2 | $1,260.00 |
| Ressler | $250.00 | 0.5 | $125.00 |
| Meadows | $250.00 | 8.9 | $2,225.00 |
| **Total:** | | | **$3,610.00** |

The amount of fees requested by Counsel in these circumstances is 5.3 times the amount Counsel would have received in this case had he been paid on an hourly basis.

The Court is aware that, with each social security case, Counsel bears the risk of not receiving any fee.  This is at least one basis for permitting contingent fee requests that translate into twice an attorney's standard hourly rate.  Hayes, 923 F.2d at 422 ("We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.").  However, every dollar awarded to counsel is one dollar less received by a deserving disability applicant, many of whom – like Plaintiff – waited years before obtaining benefits. See Royzer, 900 F.2d at 982 ("Contingent fees in social security cases are different than in other areas of the law because Congress has put the responsibility on the federal judiciary to make sure that fees charged are reasonable and no not unduly erode the claimant's benefits.").  Balancing these considerations, and

in light of the factors discussed above, this Court determines that attorney's fees in the amount of $12,635.00 are reasonable in this case. This figure is equivalent to 3.5 times the amount that Counsel alleges he would have charged for his and his associates' work on the substance of the case on an hourly basis, and is approximately 2.6 times the total EAJA award. Given the factors considered in this case, the Court views this as a generous award to Counsel.

### III. CONCLUSION

For the foregoing reasons, Counsel's motion for attorney's fees (Doc. No. 28) is GRANTED in part and DENIED in part. Counsel shall be paid $12,635.00 in attorney's fees in this matter. Counsel shall refund $4,936.53 – the amount previously awarded under the EAJA in this case – to Plaintiff.

**IT IS SO ORDERED**.

*s/ Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: June 26, 2014